THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM CARPENTER and MARTY CARPENTER, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD MODEEN and LOIS MODEEN, husband and wife, and PORT OF SEATTLE,<br><br>Defendants. | CASE NO. C12-0132-JCC<br><br>ORDER GRANTING DEFENDANT PORT OF SEATTLE'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Port of Seattle's motion for summary judgment (Dkt. No. 24). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the Port's motion and DISMISSES Plaintiffs William and Marty Carpenter's claims against it with prejudice for the reasons explained herein.

I.  BACKGROUND

This case involves the alleged tortious injury of Mr. Carpenter at the Seattle-Tacoma International Airport. Mr. Carpenter alleges that, while on an airport escalator, Defendant Lois Modeen negligently fell backwards onto him, causing him serious injury. (Dkt. No. 13 at 2–3.) After filing an initial complaint against Ms. Modeen and her husband, the Carpenters filed an amended complaint joining the Port as a defendant. (Dkt. No. 13.) The Carpenters stated that

they amended their complaint to preserve their right to joint and several liability deriving from the Modeens' affirmative defense that the Port was wholly or partially at fault for Mr. Carpenter's injuries. (*Id.* at 4; *see* Dkt. No. 8 at 5.) The Modeens have alleged that the escalator jerked while Ms. Modeen and Mr. Carpenter were on it, precipitating the injuries. (Modeen Dep. 22:3–23:21 (Dkt. No. 25, Ex. B at 18–19).) In their amended complaint, the Carpenters state they are relying on the Modeens to prove the Port's fault. (Dkt. No. 13 at 4.)

The Port now moves for summary judgment. The Carpenters do not oppose the motion; instead, they state that they have no evidence that the Port is at fault and request that the Court bar the Modeens from arguing as much at trial. The Modeens have not filed a response to the Port's motion.

## II. DISCUSSION

### A. Legal Standard

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine dispute "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Thus, following an adequate period for discovery, "Rule 56 mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2)–(3). Finally, the Court may consider a party's failure to file papers in opposition to a motion "as an admission that the motion has merit." W.D. Wash. Local Civ. R. 7(b)(2).

### B. Merits

In its motion for summary judgment, the Port contends that it cannot be held liable for Mr. Carpenter's injuries because, *inter alia*, there is no evidence that it breached its duty of care. Under Washington law, negligence consists of (1) a duty owed to the claimant; (2) a breach of that duty; (3) a resultant injury; and (4) proximate causation. *Reynolds v. Hicks*, 951 P.2d 761, 763 (Wash. 1998). The Court assumes that the Port, as the operator of an escalator, is a common carrier, and therefore owes "the highest degree of care to its passengers, commensurate with the practical operation of its conveyance at the time and place in question . . . ." *Tinder v. Nordstrom*, 929 P.2d 1209, 1214 (Wash. Ct. App. 1997) (quoting *Houck v. Univ. of Wash.*, 803 P.2d 47, 50 (Wash. Ct. App. 1991)) (internal quotation marks omitted). Notwithstanding this heightened standard of care, common carriers are not insurers of their passengers' safety. *Id.* The mere fact that an accident occurred during common carrier operation does not establish the carrier's negligence. *Id.* at 1215 n.35; *see also id.* at 1213 (rejecting application of *res ipsa loquitur* where person fell when escalator unexpectedly stopped). On the contrary, proof of actual or constructive notice of malfunctions or defects is necessary to prove a breach of the duty of care. *See Murphy v. Montgomery Elevator Co.*, 828 P.2d 584, 586 (Wash. Ct. App. 1992) (common carrier "has a duty to use the highest standard of care consistent with the practical operation of its escalator 'to protect its passengers from the danger of injury from malfunctions or defects *of which [it] knew or should have anticipated from facts and circumstances known to [it]*'") (quoting *Dabroe v. Rhodes Co.*, 392 P.2d 317, 318 (Wash. 1964)) (emphasis added).

To support its contention that there is no genuine dispute of fact that it lacked notice of any defect in the escalator, the Port has presented declarations and documents showing that the escalator in question was regularly serviced before the alleged injuries occurred. (Dkt. No. 26 & Ex. A.) In the month before the accident, maintenance staff inspected the escalator five times and each time found that it was operating properly. (*Id.* at 1–2.) Regardless of whether the escalator jerked, the Port thus argues, there is no evidence of breach of duty because there is no evidence

1 | that the Port had notice of any defect that would have caused the escalator to malfunction.

2 | The Court agrees. The Port has established the absence of a genuine dispute of fact as to
3 | whether it breached its duty of care, and neither the Carpenters nor the Modeens have pointed to
4 | any evidence that creates such a dispute. The Court GRANTS summary judgment for the Port.

5 | **C.   The Carpenters' Request for Costs and Attorney's Fees**

6 | In their response to the Port's motion, the Carpenters ask the Court to order the Modeens
7 | to pay the costs and attorney's fees they incurred in amending their complaint to join the Port as
8 | a defendant. They offer no argument in support of, or authority for, such an order, except to
9 | complain that it was the Modeens who "forced" them to add the Port as a defendant by asserting
10 | the Port's negligence as an affirmative defense. That the Modeens raised this affirmative
11 | defense, however, did not relieve the Carpenters of their duty to name only those defendants
12 | whom they believed in good faith to be responsible for Mr. Carpenter's injuries. If the
13 | Carpenters truly had "no evidence that the Port of Seattle[] was at fault" (Dkt. No. 27), then they
14 | should never have sued the Port. It is not a valid exercise of one's right to a joint and several
15 | liability judgment to name everyone under the sun as a defendant, just in case one of them turns
16 | out to be at fault. Indeed, the Carpenters' hasty decision to add the Port as a defendant—based on
17 | no evidence of its fault—required the *Port* to incur the costs and fees associated with its
18 | summary judgment motion. Under these circumstances, an award of costs and attorney's fees to
19 | the Carpenters is not warranted. The Court DENIES their request.

20 | **III.   CONCLUSION**

21 | For the foregoing reasons, the Port's motion for summary judgment and dismissal of the
22 | Carpenters' claims against it with prejudice (Dkt. No. 24) is GRANTED. Furthermore, the Court
23 | ORDERS that:

24 | (1) No percentage of fault shall be allocated to the Port by the trier of fact;
25 | (2) No party may allege fault on the part of the Port at trial, and no argument shall be
26 | made by any party that the Port was in any way at fault;

ORDER GRANTING DEFENDANT PORT OF
SEATTLE'S MOTION FOR SUMMARY
JUDGMENT
PAGE - 4

(3) No party may allege that any act or omission by the Port caused Mr. Carpenter's injuries and losses;

(4) The Port will not be treated as an "empty chair" at trial; and

(5) The Port will not be an entity on the verdict form submitted to the jury. *See Adcox v. Children's Orthopedic Hosp. & Med. Ctr.*, 864 P.2d 921, 928 (Wash. 1993) ("Either the plaintiff or the defendant must present evidence of another entity's fault to invoke [Washington Revised Code § 4.22.070's fault] allocation procedure. Without a claim that more than one party is at fault, and sufficient evidence to support that claim, the trial judge cannot submit the issue of allocation to the jury. Indeed, it would be improper for the judge to allow the jury to allocate fault without such evidence."); *Joyce v. State, Dep't of Corrs.*, 75 P.3d 548, 562 (Wash. Ct. App. 2003) ("A party fails to claim its right to allocate fault by not producing evidence of fault of the other party. And a judge cannot submit the issue of allocation to a jury without evidence of another party's fault.") (citation omitted), *reversed in part on other grounds*, *Joyce v. State, Dep't of Corrs.*, 119 P.3d 825 (Wash. 2005); *see, e.g.*, *Kielkopf v. United States*, No. C05-5831 FDB, 2007 WL 505681, at *2 (W.D. Wash. Feb. 12, 2007) (prohibiting allocation of fault to party dismissed on summary judgment).

DATED this 18th day of June 2013.

John C. Coughenour
UNITED STATES DISTRICT JUDGE